AUGUSTINE, Judge.
This is a tort action in the nature of malpractice brought by Charles Cashio and his wife Sarah against their former real estate agent, Lloyd Hoffmeister, and his principal, Montelaro Real Estate. The plaintiffs allege that because of Hoffmeis-ter’s negligent advice and representation, they have been deprived of the right to enforce an advantageous contract for the construction and purchase of a new family residence. The trial court agreed, and entered judgment in favor of the plaintiffs in the amount of $50,439.00. Aggrieved by that decision, Hoffmeister and Montelaro now bring this appeal.
This dispute began in mid-March 1978. At that time, Charles and Sarah Cashio were interested in building a new residence in Chalmette, Louisiana. They were aided in that enterprise by Lloyd Hoffmeister, a real estate agent who introduced the Cash-ios to a builder, Patrick E. Sensebe. During an early discussion with the plaintiffs, Sensebe drafted a preliminary sketch of the house envisioned by the Cashios, whereupon it was agreed that Sensebe would build the house and sell it to the plaintiffs for $66,-000.00.
Shortly afterward, these parties reduced their agreement to writing, a standard form contract styled an “Agreement to Purchase” whose terms bound Sensebe to sell, and the Cashios to buy, a two-story, brick veneer, three-bedroom residence. Total *943 area was estimated to be 1991 square feet. The structure was to be built upon lot 128, Karen Drive, Chalmette, the lot being included in the total purchase price of $66,-000.00.
Among the provisions of that contract are two clauses which now bear directly on this litigation. By the first, the Cashios bound themselves to obtain financing for the project within thirty days of acceptance of the contract; by the second clause, the parties agreed that the architect’s or draftsman’s final plans were to be signed by both buyer and seller. It bears mention that in addition to the foregoing suspensive conditions, the contract was predicated upon the sale of the Cashio’s residence at 2816 Pecan Drive in Chalmette, where they were then living.
Sometime near the end of the thirty-day period during which the Cashios were bound to obtain financing, defendant Hoff-meister informed the plaintiffs that Sen-sebe refused to go forward with the project. The cause of Sensebe’s abandonment of the contract is the central issue to be resolved in this dispute.
The plaintiffs contend that the project failed because they did not obtain financing within the thirty-day period required by the agreement, with the result that the contract was rendered null and void. While acknowledging their own default, the Cash-ios assert that their failure to act timely was induced by agent Hoffmeister’s advice to defer financing arrangements until the prospective purchaser of their Pecan Drive residence secured his own, and since that purchaser did not obtain financing until near the end of the thirty-day period, it was impossible to make their own arrangements within the time allotted by the contract.
The plaintiffs contend that Hoffmeister was tortiously negligent in advising them to act in such a manner, and that but for such negligence, the contract would have been performed. The Cashios measure their damages by the difference between the price of their lost contract with Sensebe and the price of their subsequent contract with another builder for the construction and purchase of a similar residence upon a similar lot.
In defense, appellants deny that the project was cancelled because of plaintiffs’ failure to obtain financing. To the contrary, defendants assert that Sensebe refused to perform the contract solely because the draftsman’s final plans contained substantial structural deviations from the original sketch drawn by Sensebe and approved by the Cashios. Those deviations, it is alleged, would have raised Sensebe’s building costs by several thousand dollars, rendering the contract unprofitable.
Plaintiffs bear the burden of proving by a preponderance of the evidence that the contractor’s reason for refusing to go forward with construction was plaintiffs’ failure to obtain financing within the thirty-day limit. In this regard, we note that although the plaintiffs admitted that they had not satisfied that condition of the contract, neither Mr. nor Mrs. Cashio was able to assert directly that Sensebe called off the venture for that reason. To the contrary, Mrs. Cashio contended that she knew nothing of Sensebe’s motive for cancelling the contract except through her husband, who related to her statements made by Sensebe when the agreement was first dissolved. Recalling that conversation, Mr. Cashio testified that Sensebe said he could not perform the contract because of the additional construction costs. Mr. Cashio made no other statements with regard to Sensebe’s reason for cancelling the contract.
Thus, plaintiffs utterly failed to carry the burden of proof in their ease-in-chief. They hardly fared better when Sensebe testified on behalf of the defendants, giving direct testimony as to his own motives. He stated that the final plans, submitted to him by draftsman Laurence Trumbaturi with the plaintiff’s approval, were not in conformity with the original sketch, and that the structural changes contained therein would have raised the cost of construction by $2,300-$2,700. The specific alterations to which Sensebe referred were the recession of the front first floor wall by 2'5", with the resulting creation of a porch-like overhang of *944 the second floor. Sensebe stated that he abandoned the project upon realizing that he could not incorporate those changes at the price originally agreed upon.
Thus, accepting it as proven that plaintiffs did not obtain financing within the contractual period, it cannot be said that such proof requires the conclusion that the contractor halted his performance for that reason. Having therefore failed to prove by a preponderance any causal relation between the defendant’s alleged negligence and the failure of the contract, the plaintiff cannot prevail.
Accordingly, the decision of the trial court is reversed and plaintiffs’ suit for damages is dismissed.
REVERSED.